# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANA MILLER | : |
| 6300 Brooklane Drove | |
| Clinton, MD 20735, | : |
| Plaintiff, | |
| | : |
| v. | C.A. No. 05-2342 (RMC) |
| | : |
| WASHINGTON METROPOLITAN | |
| AREA TRANSIT AUTHORITY | : |
| 600 5th St., N.W. | |
| Washington, D.C. 20001, | : |
| and | : |
| FRANK JOHNSON | : |
| 2013 Browns Lane | |
| Ft. Washington, MD 20744 | : |
| Defendants. | : |

## ANSWER OF
## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA")

Comes now defendant WMATA and answers the Complaint herein as follows:

1.  No response is required as this paragraph contains a description of the nature of the civil action, but to the extent one is required the allegations are denied.

2.  WMATA admits jurisdiction under 42 U.S.C. §2000e-(5)(f) but denies jurisdiction under D.C. Code §2-1402.11, the D.C. Human Rights Act as the Act does not apply to WMATA.

3.  WMATA admits that venue is proper in this Court under 42 U.S.C. §2000e-5(f) and 28 U.S.C. § 1391. WMATA admits the allegations of the second paragraph of this paragraph. WMATA denies the allegations contained in the third and

fourth sentences of paragraph three of the Complaint.

    4.    WMATA admits the allegations of paragraph four of the Complaint.

    5.    WMATA admits the allegations of paragraph five of the Complaint, except that it denies that it is a corporation.

    6.    WMATA admits that defendant Frank Johnson was employed by WMATA, and held the rank of Lieutenant at the time of the incident in question. WMATA denies all remaining allegations of paragraph six of the Complaint.

    7.    WMATA admits that plaintiff was hired as a Special Police Officer on approximately July 21, 2003, and that as a special police officer her duties included serving as a guard at various facilities owned or operated by WMATA. WMATA denies the remaining allegations of paragraph seven of the Complaint.

    8.    WMATA admits the allegations of paragraph eight of the Complaint.

    9.    WMATA admits that Lt. Johnson reported to the Shady Grove Yard post on the evening of January 21, 2004 to deliver some mouse traps, that he noticed the presence of plaintiff's TV/Radio at the worksite , that he reminded Plaintiff that this was a violation of the rules applicable to Special Police Officers and that Lt. Johnson directed Plaintiff to write a report regarding the violation of the Policy so that her misconduct could be properly documented. WMATA denies the remaining allegations of paragraph nine of the Complaint.

    10.    WMATA admits the allegations of paragraph ten of the Complaint.

    11.    WMATA admits that given plaintiff's probationary status and her recent unsatisfactory mid-year evaluation, she was aware that she could lose her job if she received a written reprimand. WMATA denies the remaining allegations of paragraph

eleven of the Complaint.

12.     WMATA is without sufficient knowledge or information to either admit or deny the allegations of paragraph twelve of the Complaint, but to the extent a response is required, they are denied.

13.     WMATA is without sufficient knowledge or information to either admit or deny the allegations of paragraph thirteen of the Complaint, but to the extent a response is required, they are denied.

14.     WMATA admits that plaintiff's mother, Deborah Miller, is also employed by WMATA as a Special Police Officer.   WMATA is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph fourteen of the Complaint, but to the extent a response is required, they are denied.

15.     WMATA admits that after Dana Miller completed her shift on the evening of January 21, 2004, that she drove to Lt. Johnson's home, accompanied by her mother.  WMATA is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph fifteen of the Complaint, but to the extent a response is required, they are denied.

16.     WMATA admits the allegations of the first and third sentences of paragraph sixteen of the Complaint.  WMATA is without sufficient knowledge or information to either admit or deny the allegations of the second sentence of paragraph sixteen of the Complaint, but to the extent a response is required, they are denied.

17.     WMATA denies the allegations of paragraph seventeen of the Complaint.

18.     WMATA is without sufficient knowledge or information to either admit or deny the allegations of paragraph eighteen of the Complaint, but to the extent a

response is required, they are denied.

19.     WMATA admits that on January 22, 2004, plaintiff reported the incident to the Office of Civil Rights; that on or about January 28, 2004 plaintiff filed a formal complaint with the Office of Civil Rights and that she had contact with Devon Walker of the Office of Civil Rights.   WMATA denies the remaining allegations of paragraph nineteen.

20.     WMATA admits the allegations of paragraph twenty of the Complaint.

21.     WMATA admits the allegations of paragraph twenty-one of the Complaint.

22.     WMATA admits that effective June 2, 2004 plaintiff was terminated from her employment with the Authority.  She was terminated after she received an unsatisfactory mid-year evaluation which warned that if she did not improve her performance during the following 90 days, she would be terminated.  Five days after the mid-year evaluation issued, she violated Special Police General Post Instruction No. 10 by having an unauthorized television on post.   This violation resulted in her termination.  WMATA denies the remaining allegations of paragraph twenty-two of the Complaint.

23.  WMATA admits the allegations of paragraph twenty-three of the Complaint.

24.  WMATA admits the allegations of paragraph twenty-four of the Complaint.

Count I

25.  WMATA incorporates its responses to paragraphs 1-24 of this Answer.   The remaining allegations of this paragraph are denied.

Count II

26.  WMATA incorporates its responses to paragraphs 1-25 of this Answer.   The remaining allegations of this paragraph are denied.

### Count III

27. WMATA incorporates its responses to paragraphs 1-26 of this Answer. The remaining allegations of this paragraph are denied.

### Count IV

28. This Count is not alleged against WMATA.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Under the WMATA Compact, WMATA is immune from claims arising under the D.C. Human Rights Act, D.C. Code § 2-1402.11.

### Third Affirmative Defense

Under <u>Farragher v. City of Boca Raton</u>, 524 U.S. 775 (1998) and <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998) WMATA is not vicariously liable for the actions of Lt. Johnson.

WHEREFORE, having fully answered the Complaint, WMATA respectfully requests that this matter be dismissed and that WMATA be awarded its attorneys' fees and the costs of responding to this law suit.

Respectfully submitted,

Mark F. Sullivan #430876
Deputy General Counsel

Bruce P. Heppen #252171
Associate General Counsel

Detria J. Liles #437373
Assistant General Counsel

Michael K. Guss #465171
Assistant General Counsel

Attorneys for WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2569