UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| **Dana Miller** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-2342 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| **Washington Metropolitan Area Transit Authority, et al.** | ) | |
| | ) | |
| Defendants | ) | |

## MOTION TO COMPEL DISCOVERY

Plaintiff Dana Miller (hereinafter "Plaintiff") hereby moves pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure for an order compelling Defendant Washington Metropolitan Area Transit Authority ("WMATA") to respond to each of Plaintiffs' Interrogatories and Requests for Production of Documents as attached hereto, all of which were filed on May 9, 2006 in the above referenced case:

1. Plaintiff Miller's First Set of Interrogatories
2. Plaintiff Miller's First Request for Production of Documents

Each specific request is set forth in detail in the attached Memorandum.

Additional evidence and argument in support of this Motion, as well as the specific interrogatories and document requests which the Defendant has refused to answer, are set forth in the attached Memorandum. For the reasons set forth therein, namely the Defendant's failure and refusal to provide the requested information and the inability of the Plaintiff to complete her discovery in this case without this information, Plaintiff respectfully requests that the Court grant

her request and order the Defendant to respond forthwith. Plaintiffs also respectfully request that the court also award the Plaintiff her costs and expenses incurred in seeking this order, including reasonable attorney's fees.

### Certification of Good Faith Effort to Secure Relief Sought

As set forth in more detail in the attached Memorandum, I hereby certify that I have made a good faith effort to secure the relief sought in the above motion. See letter attached hereto as Exhibit 2.

Respectfully submitted,

_____/s/_____
E. Lindsey Maxwell II, Esq.  DC Bar No. 480035
Perennial Law Group, LLP
1455 Pennsylvania Ave., NW
Suite 225
Washington, DC 20004
(202) 638-5090 (p)
(202) 638-5564 (f)

July 17, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **Dana Miller** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-2342 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| **Washington Metropolitan Area Transit Authority, et al.** | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF MILLER'S
MOTION TO COMPEL DISCOVERY**

Plaintiff Dana Miller (hereinafter "Plaintiff"), by and through her undersigned counsel, respectfully submits this Memorandum in Support of her Motion to Compel Defendant Washington Metropolitan Area Transit Authority ("WMATA") to respond to each of Plaintiffs' Interrogatories and Requests for Production of Documents filed on 9 May 2006 in the above referenced case. This Motion is being filed pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.

FACTS AND PROCEDURAL POSTURE

This case was filed late last year by Ms. Dana Miller, a former employee of the Defendant WMATA. While employed by WMATA, her supervisor, Mr. Frank Johnson, another Defendant, sexually assaulted Ms. Miller and also created a hostile work environment when he propositioned her for sex in return for not giving her a written reprimand for a minor work rule violation. Ms. Miller reported the harassment the next morning and an investigation ensued. At the conclusion of the investigation, Ms. Miller was terminated.

Ms. Miller filed this lawsuit against WMATA claiming sexual harassment as well as retaliation for filing a complaint against WMATA. She also named Frank Johnson in her complaint for sexual battery. Discovery is ongoing in this case pursuant to the order of this Court.

On 9 May 2006, the Plaintiff served its First Set of Interrogatories and a Production of Documents. Both documents set a thirty (30) day deadline for response to the discovery. Plaintiff's attorney attended a deposition on 8 June 2006 where the deadline was again discussed. Defendant stated at that time that the discovery requests were being worked on by someone in their office. Plaintiff's attorney and Defendant's attorney had a discussion again via telephone on 25 May 2006 where the delay was discussed again. Defendant's attorney assured Plaintiff that the response would come soon. Finally, on 7 July 2006, Plaintiff wrote letter giving Defendant one week, until 14 July 2006 to submit the discovery responses. To date, Defendant has failed to comply with the requests as well as the order of the Court. Furthermore, there has been no motion for a protective order, objection or any other response to the discovery requests that would lead Plaintiff or this Court to believe that there is any dispute as to its validity in substance or form.

Since the Defendant continues to refuse to produce this information to date, and Plaintiffs counsel has conferred in good faith with opposing counsel in order to secure its production voluntarily as required by Federal Rule Civ. P. 26(i) and 37(a), Plaintiff asks the court to compel Defendant WMATA to identify and produce all material requested in the Plaintiff's Request for Production of Documents and First Set of Interrogatories as set forth herein.

## POINTS AND AUTHORITIES

1. The record in this case.
2. Federal Rule of Civil Procedure 6(b), 12-I, 26(i) and 37.

CONCLUSION

WHEREFORE**,** for the reasons set forth herein, Plaintiff respectfully requests that the Court that the Court grant her Motion and order the Defendant to respond forthwith.  Plaintiff also respectfully requests that the court also award Plaintiff her costs and expenses incurred in seeking this order, including reasonable attorney's fees.  A Proposed Order is attached hereto for the court's consideration.

                                             Respectfully submitted,

                                             _____/s/_____
                                             E. Lindsey Maxwell II, Esq.  DC Bar No. 480035
                                             Perennial Law Group, LLP
                                             1455 Pennsylvania Ave., NW
                                             Suite 225
                                             Washington, DC 20004
                                             (202) 638-5090 (p)
                                             (202) 638-5564 (f)

July 17, 2006

<u>LIST OF EXHBITS ENCLOSED</u>

1. PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
2. LETTER TO WMATA FROM PLAINTIFF'S COUNSEL – JULY 7, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Dana Miller** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-2342 (RMC) |
| ) | |
| v. ) | |
| ) | |
| **Washington Metropolitan Area** ) | |
| **Transit Authority, et al.** ) | |
| ) | |
| **Defendants** ) | |

ORDER

Upon consideration of Plaintiff's Motion to Compel Responses to Discovery Requests and the record in this case, it is ORDERED that

    1) Plaintiffs' Motion is GRANTED; and

    2) Defendant shall respond to each discovery request relating to information and provide all available documents as requested in the Plaintiff's Discovery Requests, within 10 business days of this Order;

    3) Plaintiff is awarded her attorney fees and costs incurred in obtaining this order pursuant to Sup. Ct. Rule Civ. P. 37(a)(4)(A).

    SO ORDERED this _____ day of JULY, 2006.


_____
Hon. Rosemary M. Collyer
U.S. District Court Judge

7 July 2006

Mr. Michael Guss
WMATA
600 Fifth St., NW
Washington, DC 20001
VIA FAX and MAIL (202) 962-2550


Re:     Dana Miller v. WMATA
        US District Court Case: 1:05-CV-2342

Dear Mr. Guss,

    As you are aware, I represent Dana Miller in the aforementioned case against WMATA. On or about 9 May 2006, we submitted our First Set of Interrogatories and Production of Documents as discovery in this case. The request specified that they were to be returned within thirty (30) days. There has been no motion filed with the court for a protective order so I will assume that you have no issues with the substance of the requests. To date, we have not received the response to our discovery requests which is a violation of Rule 33(b)(3) of the Federal Rules of Civil Procedure.

    We are thereby putting you on notice that we intend to file a motion to compel discovery and judicial notice as well as a motion for sanctions if the discovery requests are not received in this office by 14 July 2006 at 5:00pm. While I am sure that this is an oversight by your office, we cannot afford to allow discovery to go on indefinitely.

    In addition, we are scheduled to take the depositions of Hanson, Hall, Tisdale, Meyers and Lee on 24 July 2006. Please ensure that these individuals are ready and available for the deposition at your office by 9:00am that day.


                                                Sincerely,


                                                E. Lindsey Maxwell II, Esq.
                                                Counsel for the Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| **Dana Miller** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:05cv02342 |
| | ) | |
| v. | ) | |
| | ) | |
| **Washington Metropolitan Area Transit Authority** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Frank Johnson** | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS DIRECTED TO DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

TO:   Washington Metropolitan Area Transit Authority (WMATA)
       Office of the General Counsel
       600 Fifth St., NW
       Washington, D.C.  20001

Plaintiff Dana Miller, through her undersigned counsel, respectfully requests, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that Defendant WMATA answer the following interrogatories, fully and separately, in writing and under oath.  The answers shall be signed by a designated representative of Defendant, and shall be served upon E. Lindsey Maxwell II, Esq., attorney for the Plaintiff, at Perennial Law Group LLP, 1455 Pennsylvania Ave., NW, Suite 225, Washington, DC  20004, within 30 calendar days of service of this request, as required by Rule 33(b)(3) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

The following instructions and definitions are to be utilized in complying with these requests:

A. "Defendant" or "you" is intended to mean the Defendant Washington Metropolitan Area Transit Authority (WMATA), including all agents and representatives acting on their behalf.

B. "Plaintiff", as used herein, means Dana Miller; all references to the "Complaint" refer to the complaint filed in the above-captioned case.

C. Unless otherwise stated, all requested information is limited to the period from January 1, 2004 to date.

D. Each discovery request not only calls for the knowledge of Defendant, as defined above, but also for all knowledge that is available to them through reasonable inquiry, including inquiry of their representatives and agents. If the requested information or documents are known by Defendant to exist but are not in their possession or in the possession of their agents as defined above, they should so indicate and identify the person or entity possessing the information and/or maintaining the documents.

E. The term "person" is intended to include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, as well as any agents or employees of such an entity.

F. The term "document" is intended to mean any paper or electronic record, whether written, printed, or reproduced by hand or by any other means, including but not limited to correspondence; communications of any nature; notes; electronic mail; telegrams; calendars; letters; memoranda; notebooks of any character; forms; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings, audiotapes; videotapes; analyses; computer printouts; information maintained on computer disks, hard drives, or other electronic media; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts; revisions of drafts; translations; tape recordings; and records and dictation belts. Any document with any marks on any sheet or side thereof, such as initials, stamped indicia, facsimile headings, comments or notations, which are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

G. "Identify", as used herein, means to provide: (i) for a person, his or her full name, present or last known address, telephone number, and title or position and employer at the time in question; (ii) for a document, a description of its date, nature and contents, the name, address and

title of its author(s) and recipient(s), and its location or the name, address and title of its custodian. A copy of any document may be provided in lieu of identifying said document.

       H.     As used herein, all references to the singular are intended to include the plural and vice-versa; the use of the masculine is also intended to include the feminine and vice versa; "each" means "each and every"; "and" means "and/or"; "any" means "any and all".

       J.     If you contend that you are entitled to withhold any information requested herein on the basis of the attorney-client privilege, the work-product doctrine, or some other privilege, provide a description of the privileged information sufficient for Plaintiff to determine if the privilege is properly invoked. This should consist of a "privilege log" listing and describing each item so withheld, identifying the alleged privilege, and stating the basis upon which you contend that Defendant Trustees are entitled to withhold the information.

       K.     Any documents you produce in response to these Interrogatories should be organized as kept in the regular course of business, and should be labeled and grouped in a manner which clearly indicates the particular request to which each document is responsive.

       L.     These Interrogatories are continuing in nature, and Defendants are requested to supplement their responses in accordance with the Rules should they, or anyone acting on their behalf, obtain additional or new information which is responsive to these interrogatories after filing their initial answers.

## INTERROGATORIES

<u>Inerrogatory No. 1</u>

Identify each person or persons who prepared the answers to these interrogatories, including their address(es), telephone number(s), title(s), and the basis upon which they have provided these answers.

<u>Interrogatory No. 2</u>

Identify all persons who may have knowledge regarding the facts, circumstances and/or events described in the Complaint, by providing the name, address, and business or home telephone numbers, and describing the matters about which each person identified has knowledge.

<u>Interrogatory No. 3</u>

Describe in detail the circumstances surrounding the termination of Dana Miller and Frank Johnson.

<u>Interrogatory No. 4</u>

Describe in detail the nature of any investigation or inquiries undertaken by defendant in response to the complaint of harassment filed by Dana Miller.

Interrogatory No. 5

Identify and describe in detail each and every claim of sexual harassment filed in WMATA's Office of Civil Rights from January 2003 to present. Include the parties to such complaints, the date filed, the nature of the claims, any resolution of said claims, and the current status of any such complaints.

Interrogatory No. 6

Identify each and every discrimination claim filed against Defendant from January 2003 to present. Include identifying information about the claim, the claimant, the date filed, the forum, the case number if any, the nature of the claims, any resolution of such claims, and the pending status of such claims. Identify the source of any information upon which you rely, including the identities of all individuals who provided any such information.

Interrogatory No. 8

Describe in detail every reason for the separation of employment of Franklyn Johnson's position at WMATA.

Interrogatory No. 9

Describe what, if any, role Franklyn Johnson played in the complaint of harassment filed by Pamela Biggs.

Interrogatory No. 10

Describe in detail all employees written up, reprimanded, or disciplined in any way for having a television on post from 1998 to present. Include the name, position/rank, the type of adverse action taken, current status as it relates to their employment at WMATA. Identify the source of any information upon which you rely, including the identities of all individuals who provided any such information.

Interrogatory No. 11

Describe in detail each and every employee that was disciplined during his/her probationary period between January 2002 to present. Provide the basis of the discipline, the penalty handed out by management, the employee's current status as it relates to their employment at WMATA. Identify the source of any information upon which you rely, including the identities of all individuals who provided any such information.

Interrogatory No. 13

Identify each person who was consulted about the decision to terminate Plaintiff's employment, including the date, location and substance of any conversation, and what if any role any of those individuals played in the termination decision.

Interrogatory No. 14

Identify each person who drafted, participated in, or was consulted about the contents of the termination letter submitted to Plaintiff on or about June 1, 2004.

## DOCUMENT REQUESTS

1. Please produce all documents which were referred to in the preparation of or responses to any of your answers to the interrogatories above.

2. Please produce all documents relating to the complaint that are in the personnel files of both Frank Johnson and Dana Miller.

3. Please produce all documents relating to the complaint that were compiled in the investigation performed by the WMATA Office of Civil Rights with regards to this claim and the claim of Pamela Biggs.

4. Please produce copies of all documents which were referred to in the preparation of or responses to Interrogatory No. 5, No. 6, No. 10, No. 11, and No. 12.

5. Please produce copies of the employment file of Franklyn Johnson.

6. Please produce all documents which refer or relate to communications by, from and/or between the agency, its agent(s) and/or employee(s), that relate or refer to any claims in the complaint.

7. Please produce all documents provided to, received from, or referring or relating to each person who is acting or has acted as consultant, or expert on your behalf regarding any of the claims in the complaint, or who will testify as an expert at a hearing.

8. For each consultant or other person whom you intend to call as an expert witness at trial, produce copies of any and all of the following: a resume and curriculum vitae; all retainer or fee agreements, contracts, bills, statements, and time-sheets in connection with this case; all reports and drafts written in connection with this case; all articles written by the expert in his or her area of expertise; all affidavits, declarations or transcripts of all testimony given by the expert in prior litigation; all materials provided to the expert by the agency; all documents reviewed by, referred to, or relied upon in connection with the expert's consultation, examination or conclusions or other

work relating to this case; and all materials created, drafted or authorized by the expert in connection with this case including, but not limited to, reports, drafts, charts and diagrams.

      9.     Please produce all documents not otherwise identified which refer to or relate to the issues in this case and which tend to either support or refute the facts alleged by either party.

      10.    Please produce all documents not otherwise identified which you may introduce as evidence or exhibits or use as impeachment or rebuttal at the hearing of this case.

      11.    Please produce the last known address and telephone numbers for any deponent listed in the notice of deposition who is no longer employed with WMATA.. Please include the disposition of their relationship with WMATA and the circumstances surrounding their departure.

Respectfully submitted,

_____
E. Lindsey Maxwell II, Esq.  DC Bar No. 480035
Perennial Law Group, LLP
1455 Pennsylvania Ave., NW
Suite 225
Washington, DC 20004
(202) 638-5090 (p)
(202) 638-5564 (f)

May 9, 2006

Certificate of Service

      I hereby certify that a copy of the foregoing **PLAINTIFF'S DISCOVERY REQUESTS DIRECTED TO DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** was mailed this 9th day of May 2006, postage prepaid, to the following individual:

Washington Metropolitan Transit Authority
Attn: Michael Guss
600 5th St., NW
Washington, DC 20001

Frank Johnson
207 Clay Rd.
Goldsboro, NC 27534

                                                                                          E. Lindsey Maxwell II, Esq.