DEFENDANT'S EXHIBIT 16

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| Dana Miller | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:05cv02342 |
| | ) | |
| v. | ) | |
| | ) | |
| Washington Metropolitan Area | ) | |
| Transit Authority | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Frank Johnson | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

PLAINTIFF DANA MILLER'S RESPONSE TO REQUEST FOR ADMISSIONS AND
INTERROGATORIES

Pursuant to Fed. R. Civ. P. 36, the Plaintiff Dana Miller hereby serves on the Defendant Washington

Metropolitan Area Transit Authority ("WMATA") the following Response to the Defendant's

Requests for Admissions.

1. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the

   Plaintiff signed numerous documents when she began work there. Object to the question in

   that Plaintiff cannot identify that document in a request for admission.

2. Admit.

Page 1

3. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the Plaintiff signed numerous documents when she began work there. Object to the question in that Plaintiff cannot identify that document in a request for admission.

4. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the Plaintiff signed numerous documents when she began work there. Object to the question in that Plaintiff cannot identify that document in a request for admission.

5. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the Plaintiff signed numerous documents when she began work there. Object to the question in that Plaintiff cannot identify that document in a request for admission.

6. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the Plaintiff signed numerous documents when she began work there. Object to the question in that Plaintiff cannot identify that document in a request for admission.

7. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the Plaintiff received numerous documents when she began work there. Object to the question in that Plaintiff cannot identify that document in a request for admission.

8. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the Plaintiff signed numerous documents when she began work there. Object to the question in that Plaintiff cannot identify that document in a request for admission.

9. Admit only that Plaintiff was hired by WMATA on or about July 8, 2003 and that the Plaintiff signed numerous documents when she began work there. Object to the question in that Plaintiff cannot identify that document in a request for admission.

10. Plaintiff is lacks sufficient information and knowledge to either admit or deny if General Post Instructions are retained at each post location.

11. Admit.

12. Admit only to the extent that there was a General Post Instruction that stated "you will not have televisions, radios, cassette players, reading materials or similar items other than authorized instructions on your post at any time."

13. Admit only to the extent that I had a television/radio on post on or around January 21, 2004.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Deny.

21. Admit.

22. Admit.

23. Admit.

24. Plaintiff lacks sufficient information and knowledge to either admit or deny without a specific date of reference.

25. Admit.

26. Admit.

27. Admit.

28. Deny.

29. Admit.

Respectfully submitted,

_____
E. Lindsey Maxwell II, Esq.  DC Bar No. 480035
Perennial Law Group, LLP
1455 Pennsylvania Ave., NW
Suite 225
Washington, DC 20004
(202) 638-5090 (p)
(202) 638-5564 (f)

August 29, 2006

8

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing Return of Service was mailed this 6th day of January 2006, postage prepaid, to the following individual:

Washington Metropolitan Transit Authority
Attn: Michael Guss
600 5th St., NW
Washington, DC 20001

Frank Johnson
2013 Browns Ln.
Ft. Washington, MD 20744

E. Lindsey Maxwell II, Esq.

## AFFIDAVIT

I hereby certify and declare that the answers given above were answered truthfully, honestly and to the best of my ability.

Dana Miller

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DANA MILLER                                    :

       Plaintiff,

                           :

v.                                             :          C.A. No. 05-2342 (RMC)

                           :

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY, et. al.    :

       Defendants.                          :

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S**
**("WMATA") REQUESTS FOR ADMISSION AND INTERROGATORIES**

      In accordance with Fed. R. Civ. P. 36, the Defendant WMATA serves upon the Plaintiff

Dana Miller the following Requests for Admissions to be answered within thirty (30) days after

service of the following requests.

1.  Defendant WMATA requests that the Plaintiff admit that on July 8, 2003, the Plaintiff

received and executed a letter offering employment with WMATA as a Special Police Officer,

which included a probationary period that was to last one (1) year from the date of hire.

2.  Defendant WMATA requests that the Plaintiff admit that she was made aware of WMATA's

sexual harassment policy during her orientation session and/or training with WMATA.

3.  Defendant WMATA requests that the Plaintiff admit that she signed on June 5, 2003 a

conditional offer of employment with WMATA ("Conditional Offer") as a Special Police Officer

that stated that the offer of employment was conditional for one (1) year from the effective date

of the Conditional Offer and could be withdrawn upon the applicants failure to meet the terms and conditions of the Conditional Offer.

4. Defendant WMATA requests that the Plaintiff admit that among the Terms and Conditions of the Conditional Offer, the Plaintiff was required to adhere to minimum employment standards for Special Police Officers as established by WMATA.

5. Defendant WMATA requests that the Plaintiff admit that among the Terms and Conditions of the Conditional Offer, the Plaintiff was required to adhere to any additional requirements specified by WMATA's Office of Transit Police and Security.

6. Defendant WMATA requests that the Plaintiff admit that she received and initialed on July 21, 2003 the Certification Statements Checklist given to her in orientation that serves as her acknowledgment of her receipt of the Standards of Conduct Disclosure Statement Policy.

7. Defendant WMATA requests that the Plaintiff admit that she did receive WMATA's Standards of Conduct Disclosure Statement Policy.

8. Defendant WMATA requests that the Plaintiff admit that she received a copy of the following training documents: (1) General Post Instructions, (2) Special Police Rules & Regulations, (3) General Order- SPO 225 (Appearance, Uniforms & Equipment) and (4) General Order- SPO 230 (Tardiness).

2

9.  Defendant WMATA requests that the Plaintiff admit that she executed a Memorandum on July 23, 2003 acknowledging receipt of the (1) General Post Instructions, (2) Special Police Rules & Regulations, (3) General Order- SPO 225 (Appearance, Uniforms & Equipment) and (4) General Order- SPO 230 (Tardiness).

10.  Defendant WMATA requests that the Plaintiff admit that a copy of the General Post Instructions are retained at each post location.

11.  Defendant WMATA requests that the Plaintiff admit that she was aware of the General Post Instruction No. 10 that stated that "you will not have televisions, radios, cassette players, reading materials or similar items other than authorized instructions on your post at any time."

12.  Defendant WMATA requests that the Plaintiff admit that no combination radio/televisions were allowed on post at anytime.

13.  Defendant WMATA requests that the Plaintiff admit that while on duty on January 21, 2004, she had a combination radio/television on her post at the Shady Grove S & I yard, in violation of General Post Instruction No. 10.

14.  Defendant WMATA requests that the Plaintiff admit that she drafted and executed a written statement explaining that she did have a combination radio/television on her post on January 21, 2004.

3

15. Defendant WMATA requests that the Plaintiff admit that she received a copy of her Mid-Year Performance Evaluation dated January 16, 2004 (hereinafter, "Evaluation") in which she was recommended for termination.

16. Defendant WMATA requests that the Plaintiff admit that in her Evaluation, she placed her initials on line 1 indicating that she was made aware that she was in violation of General Order 230 for reporting late for her assigned duty on 9/15/03, 9/22/03, 10/3/03 and 12/10/03.

17. Defendant WMATA requests that the Plaintiff admit that she reported late for her assigned duty on 9/15/03, 9/22/03, 10/3/03 and 12/10/03.

18. Defendant WMATA requests that the Plaintiff admit that as a result of her violation of General Order 230 for reporting late for her assigned duty on 9/15/03, 9/22/03, 10/3/03 and 12/10/03, she received a one (1) day suspension.

19. Defendant WMATA requests that the Plaintiff admit that in her Evaluation, she placed her initials on line 2 indicating that she was made aware that an investigation was pending in which she was found AWOL for 45 minutes on December 17, 2003.

20. Defendant WMATA requests that the Plaintiff admit that she was found AWOL from her post for 45 minutes on December 17, 2003.

4

21. Defendant WMATA requests that the Plaintiff admit that in her Evaluation, she placed her initials on line 3 indicating that she was made aware that although she was considered essential personnel, on 12/6/03, during a severe weather emergency she contacted the Deputy Chief via his cell phone in order to not report for her assigned tour of duty on that date.

22. Defendant WMATA requests that the Plaintiff admit that she did not report for her assigned tour of duty on 12/6/03.

23. Defendant WMATA requests that the Plaintiff admit that in her Evaluation, she placed her initials on line 4 indicating that she was made aware that she was found in violation of MTPD/SPO Rules and Regulation Rule # 24 when she abandoned her assigned post at the Alexandria S & I Yard on 11/18/03.

24. Defendant WMATA requests that the Plaintiff admit that she did abandon her post at the Alexandria S & I Yard in violation of MTPD/SPO Rules and Regulation Rule # 24.

25. Defendant WMATA requests that the Plaintiff admit that she was made aware in her Evaluation, and signed the Evaluation as such, that she was being recommended for termination.

26. Defendant WMATA requests that the Plaintiff admit that during a meeting with Deputy Chief Hall on January 16, 2004 regarding her mid-year evaluation, that she was informed that if she incurred any further disciplinary actions in the next three months, that her employment with

5

the Authority would be terminated.

27. Defendant WMATA requests that the Plaintiff admit that General Order No. 218, regarding Sexual Harassment, requires that a member who believes he or she has been sexually harassed report the act or harassment without delay.

28. Defendant WMATA requests that the Plaintiff admit that she failed to follow WMATA's sexual harassment policy on the initial reporting of the incident which occurred on January 21, 2004.

29. Defendant WMATA requests that the Plaintiff admit that on January 21, 2004, she was advised by Lieutenant Franklyn Johnson that she had violated General Post Instruction No. 10 before Lieutenant Johnson committed any act of sexual harassment .

INTERROGATORY

1. If you declined to admit any of WMATA's Requests for Admissions, please explain the basis for declining to admit.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

6

Bruce P. Heppen # 252171
Associate General Counsel


Michael K. Guss #465171
Assistant General Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2569


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's First Request for Admissions and

Interrogatories  was hand-delivered on July 28, 2006 to:

E. Lindsey Maxwell, II
1455 Pennsylvania Avenue
Washington, D.C. 20004
Attorney for Plaintiff


Bruce P. Heppen

7