UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| **Dana Miller** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:05cv02342 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| **Washington Metropolitan Area Transit Authority** | ) | |
| | ) | |

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Dana Miller, by and through her undersigned counsel, hereby files this opposition to the defendant's motion for summary judgment on the grounds mentioned hereafter.

Defendant WMATA moves for summary judgment on three counts. It claims that (1) the Plaintiff cannot establish a prima facie case of sexual harassment in violation of Title VII under quid pro quo or hostile work environment theories; (2) the plaintiff cannot show that WMATA's legitimate, non-discriminatory and non retaliatory reason for terminating her employment was a pretext and (3) the Plaintiff cannot establish a causal connection between her protected activity and her termination in support of her claim for retaliation.

I. The Plaintiff has already established a prima facie case of retaliation

In sum, to succeed on a quid pro quo sexual harassment theory, one must prove that (1) he or she encountered verbal, visual or physical propositions or advances of a sexual nature; (2) the

harassment was based on her gender, (3) she experienced the propositions or advances as subjectively unwelcome; and (4) the harassment was perpetrated by a supervisor, manager or other high ranking agent of the employer.  In general, quid pro quo relates to sexual harassment through threats of retaliation that are actually carried out. Gary v. Long, 59 F.3d 1391, 1395 (D.C.Cir.1995) ("The gravaman of a quid pro quo claim is that a tangible job benefit or privilege is conditioned on an employee's submission to sexual blackmail and that adverse consequences flow from the employee's refusal.") (citations omitted). In the case at hand, Lt. Johnson propositioned the plaintiff to come to his home to have sex with him in exchange for not turning in the written reprimand for having a television on her post.  This undoubtedly satisfies the first prong of the test set forth in *Pacheco* because this was a verbal proposition that was being made because the plaintiff was female. The plaintiff has always maintained that the propositions were unwelcome as she had no desire to have sex with Lt. Johnson and indeed did not have sex with him before, at the time of or after the propositions were made.  Finally, we know that Lt. Johnson was a supervisor in the sense that he provided recommendations for discipline and did indeed order the plaintiff to submit to the discipline process when he wrote her up.

In essence, a tangible job benefit (not being reprimanded) was conditioned upon the plaintiff having sex with Lt. Johnson.  Both the plaintiff and Lt. Johnson knew that the reprimand would lead to an adverse employment action because the plaintiff made him aware of it by telling him that she could not afford to get into any more trouble at work and that she wanted her job.  To complete the analysis of these acts one must also look at the final result of the offered tangible job benefit.  The plaintiff never got that benefit because she did not follow through and actually sleep with Lt. Johnson.  Lt. Johnson offered the benefit and then actually followed through by turning in the write up to their superior officers.  In the end, as the defendant argues, the plaintiff was fired because she

had a television on post. In essence, Lt. Johnson made the threat, the plaintiff failed to comply and in the end, she was fired for exactly the thing that Lt. Johnson threatened her with. When an employee proves that tangible employment action resulted from refusal to submit to supervisor's sexual demands, she establishes that employment decision itself constitutes change in terms and conditions of employment that is actionable under Title VII. See Burlington Indus., 524 U.S. at 753-754. Under the law this is clear cut sexual harassment at its worst.

II.     The Defendant's Reasons for Terminating the Plaintiff are a Pretext.

It is also clear from the evidence presented that the reasons for the Plaintiff's termination are a pretext. The Defendant claims that she was terminated because of the work rules that she broke. However, as described in the Plaintiff's motion, there are numerous documented instances where other employees were disciplined for exactly the same thing and were not terminated. The Defendant also claims that the Plaintiff was terminated because she was in her probationary period. However, this to is not true as there was testimony that probationary periods have been extended when an employee breaks rules. In essence, to allow the defendant to use these reasons for her termination is tantamount to sanctioning sexual harassment by supervisors against their probationary employees[1].

III.    The Plaintiff Can Show a Causal Connection Between Her Protected Activity And Her Termination In Support of Her Retaliation Claim.

The Defendant engages in flawed reasoning when it claims that there is no causal connection between the protected activity and the defendant's termination. The defendant claims in its motion

---

[1] It is important to note that the Defendant's motion often refers to the findings of the investigation performed by the Office of Civil Rights. That office was supposed to investigate the charges of discrimination yet, found that Officer Miller be discharged for use of the television on post; an area outside of that which it was supposed to investigate.

that in order to show a causal connection, the individual who engaged in the alleged harassment participated in the decision to terminate the Plaintiff.  Well, if indeed the plaintiff was terminated for the reasons that defendant claims, then the termination was carried out because of the plaintiff's use of a television on post; a discipline that was initiated by Lt. Johnson; the harasser.

## Conclusion

For the reasons mentioned above, the defendant's motion for summary judgment should be denied.

Respectfully submitted,

_____/s/_____
E. Lindsey Maxwell II, Esq.  DC Bar No. 480035
Perennial Law Group, LLP
1455 Pennsylvania Ave., NW
Suite 225
Washington, DC 20004
(202) 638-5090 (p)
(202) 638-5564 (f)

November 28, 2006